| Fill in this information to identify the case: | |
|---|---|
| United States Bankruptcy Court for the: <br> <u>Southern</u>              District of <u>New York</u> <br> (State) <br> Case number *(if known)*: <u>18-                    </u>  Chapter <u>11</u> | ☐ Check if this is an amended filing |

# Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy          04/16

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

**1. Debtor's name**         Glansaol Holdings Inc.

**2. All other names debtor used in the last 8 years**
   Include any assumed names, trade names and *doing business as* names

**3. Debtor's federal Employer Identification Number (EIN)**     82-1089485

**4. Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| <u>575</u>      <u>Lexington Avenue</u> <br> Number    Street | Number    Street |
| | P.O. Box |
| <u>New York</u>    <u>New York</u>    <u>10022</u> <br> City     State     ZIP Code | City     State     ZIP Code |
| <u>New York</u> <br> County | **Location of principal assets, if different from principal place of business** <br> <u>See Attachment A</u> <br> Number    Street |
| | City     State     ZIP Code |

**5. Debtor's website (URL)**     N/A

**6. Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.
6120

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
☒ Chapter 11.  *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District _____  When ____/____/_____  Case number _____
              District _____  When ____/____/_____  Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.  Debtor  See Attachment A            Relationship  Affiliate
        District  Southern District of New York   When  Date Hereof
                                                         MM / DD / YYYY
        Case number, if known  Pending

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number        Street

_____
City                    State      ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency _____
        Contact name     _____
        Phone            _____

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors***

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

**15. Estimated assets***

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☒ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

16. **Estimated liabilities***

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☒ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☐ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

* Information provided on a consolidated basis, and based on financial statements as of October 31, 2018.

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

17. **Declaration and signature of authorized representative of debtor**

- The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- I have been authorized to file this petition on behalf of the debtor.
- I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/19/2018
             MM / DD / YYYY

✗ /s/ Nancy Bernardini
Signature of authorized representative of debtor

Nancy Bernardini
Printed name

Title  Authorized Signatory

18. **Signature of attorney**

✗ /s/ Brian S. Lennon
Signature of attorney for debtor

Date  12/19/2018
      MM / DD / YYYY

Brian S. Lennon
Printed name

Willkie Farr & Gallagher LLP
Firm name

787         Seventh Avenue
Number      Street

New York                                NY           10019
City                                    State        ZIP Code

(212) 728-8000                          blennon@willkie.com
Contact phone                           Email address

4215083                                 New York
Bar number                              State

# ATTACHMENT A TO VOLUNTARY PETITION

1. **Pending Bankruptcy Cases Filed by Affiliates of the Debtor**

Concurrently herewith, each of the affiliated entities listed below, including the Debtor filing this petition (collectively, the "**Debtors**"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.

| |
|---|
| Clark's Botanicals, Inc. |
| Glansaol Holdings Inc. |
| Glansaol LLC |
| Glansaol Management LLC |
| Julep Beauty, Inc. |
| Laura Geller Beauty, LLC |
| Laura Geller Brands, LLC |
| Laura Geller Holdings, LLC |

Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that this Court consolidate their chapter 11 cases for procedural purposes only.

2. **Location of the Debtors' Principal Assets (on a Consolidated Basis)**

| Address | |
|---|---|
| 575 Lexington Avenue<br>New York, New York 10022 | 111 Queen Anne Avenue North, Suite 200<br>Seattle, Washington 98109 |
| 221 Bellevue Way NE<br>Bellevue, Washington 98004 | 1427 5th Avenue<br>Seattle, Washington 98101 |
| 5001 25th Avenue NE<br>Seattle, Washington 98105 | 3131 Western Avenue, Suite M213<br>Seattle, Washington 98121 |

OFFICER'S CERTIFICATE

OF

GLANSAOL LLC
GLANSAOL HOLDINGS INC.
GLANSAOL MANAGEMENT LLC
LAURA GELLER HOLDINGS, LLC
LAURA GELLER BEAUTY, LLC
LAURA GELLER BRANDS, LLC
JULEP BEAUTY, INC.
CLARK'S BOTANICALS, INC.

December 19, 2019

    The undersigned, being the duly elected, qualified and acting Chief Executive Officers and/or President of Glansaol LLC, Glansaol Holdings Inc., Glansaol Management LLC, Laura Geller Holdings, LLC, Laura Geller Beauty, LLC, Laura Geller Brands, LLC, Julep Beauty, Inc. and Clark's Botanicals, Inc. (the "Companies" and each a "Company"), hereby certifies that as such I am authorized to execute and deliver this Certificate in the name and on behalf of the each Company (and not in my individual capacity), and that attached hereto as Annex A is a true, correct and complete copy of resolutions duly adopted by the Board of Directors or Sole Member, as applicable, of each Company at a meeting on December 19, 2018, and that such resolutions have not been amended, modified, or rescinded, and are in full force and effect on the date hereof.

*[Remainder of Page Intentionally Left Blank]*

IN WITNESS WHEREOF, the undersigned has hereunto set my hand as of the date set forth above.

>GLANSAOL LLC
>GLANSAOL HOLDINGS INC.
>GLANSAOL MANAGEMENT LLC
>LAURA GELLER HOLDINGS, LLC
>LAURA GELLER BEAUTY, LLC
>LAURA GELLER BRANDS, LLC
>JULEP BEAUTY, INC.
>CLARK'S BOTANICALS, INC.


>By: /s/ Nancy Bernardini
>   Name:  Nancy Bernardini
>   Title: Chief Executive Officer and/or President

EXHIBIT A

**Resolutions for the Board of Directors or Sole Member (as applicable) of
Glansaol LLC and Its Subsidiaries (the "Company")**

**WHEREAS**, as a result of the financial condition of the Company, the Board of Directors (the "Board") has engaged counsel and a financial advisor to provide advice to the Company regarding its obligations to its creditors, equity holders, employees and other interested parties;

**WHEREAS**, the Company underwent an extensive sale process, which ultimately culminated in the execution of an asset purchase agreement (the "Stalking Horse Agreement"), dated as of December 19, 2018, by and among the Sellers (as such term is defined in the Stalking Horse Agreement) and AS Beauty LLC;

**WHEREAS**, the Board has reviewed and considered, among other things, the advice of its counsel and a financial advisor and has considered the options available to the Company, and has determined that, in its judgment, it is advisable and in the best interests of the Company, its creditors, equity holders, employees and other interested parties that the Company voluntarily files a petition (a "Petition") for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, after consultation with its counsel and a financial advisor, the Board believes that it is advisable and in the best interests of the Company to enter into and obtain loans pursuant to the DIP Credit Agreement (as defined herein), to enter into the Stalking Horse Agreement and to consummate the transactions contemplated thereby.

**NOW THEREFORE**, it is hereby:

**RESOLVED**, that the filing by the Company of its Petition, in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), substantially in the form previously presented to the Board is hereby authorized, approved, confirmed and adopted in all respects; and it is further

**RESOLVED**, that Nancy Bernardini is hereby appointed the designated agent of the Company (the "Authorized Signatory") with full power and authority to act on behalf of the Company with respect to the matters covered by these resolutions; and it is further

**RESOLVED**, that Nataliya Strugatskaya be, and hereby is, appointed, ratified and approved to serve as an authorized signatory of the Company until her successor(s) are chosen and qualified, or until her death, resignation or removal (which removal may be effectuated at any time by the Board, with or without cause); and it is further

**RESOLVED**, that as an authorized signatory, Nataliya Strugatskaya be, and hereby is, empowered, authorized and directed to take such actions as she may deem necessary or convenient to perform such duties as are required by the Company; and it is further

**RESOLVED**, that the execution by Nataliya Strugatskaya as an authorized signatory of any such paper or document or the doing by her of any act shall conclusively establish her authority therefor from this Company and the approval and ratification by this Company of the papers and documents so executed and the action so taken; and it is further

**RESOLVED**, that the actions of Nataliya Strugatskaya as an authorized signatory heretofore and hereafter taken in furtherance of the object and purpose of the Company as described in its operating agreement (as amended from time to time) are hereby ratified, confirmed and approved in all respects as the acts and deeds of the Company; and it is further

**RESOLVED**, that the Authorized Signatory and the officers of the Company, including any president, vice president, chairman, chief executive officer, chief financial officer, treasurer, secretary, assistant secretary or authorized signatory (collectively, with the Authorized Signatory, the "Authorized Persons") be and they hereby are authorized, empowered and directed to execute and file a Petition on behalf of the Company in order to seek relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and it is further

**RESOLVED**, that each of the Authorized Persons be and they hereby are authorized, empowered and directed, in the name and on behalf of the Company, to execute and file all schedules, motions, lists, applications, pleadings, declarations, affidavits and other papers as required to accompany the Petition or seek entry of first day orders, and, in connection therewith, to employ and retain assistance of legal counsel, accountants, financial advisors and other professionals, and to take and perform any and all further acts and deeds that they deem necessary, proper or desirable in connection with, or in furtherance of, the Petition or the Company's chapter 11 case, with a view to the successful prosecution of such case; and it is further

**RESOLVED**, that the Company is authorized to employ the law firm of Willkie Farr & Gallagher LLP, located at 787 Seventh Avenue, New York, New York 10019, as bankruptcy counsel to render legal services to, and to represent, the Company in its chapter 11 case and in any and all related proceedings, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Company is authorized to employ Emerald Capital Advisors, located at 70 East 55th Street, 17th Floor, New York, New York 10022, as financial advisor for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that the Company is authorized to employ Omni Management Group, located at 1120 Avenue of the Americas, 4th Floor, New York, New York 10036, as claims, noticing, and solicitation agent for the Company in its chapter 11 case, subject to Bankruptcy Court approval; and it is further

**RESOLVED**, that each of the Authorized Persons be and they hereby are authorized, empowered and directed to retain on behalf of the Company such other professionals and advisors as they deem necessary, appropriate or desirable, upon such terms and conditions as they shall approve, to render services to the Company in connection with its chapter 11 case and

with respect to other related matters in connection therewith, subject to Bankruptcy Court approval, if required; and it is further

**RESOLVED**, that the form, terms and provisions of (i) that certain Senior Secured Superpriority Debtor-in-Possession Credit Agreement (the "DIP Credit Agreement"), by and among Glansaol Holdings Inc., Glansaol Management LLC, Clark's Botanicals Inc., Julep Beauty, Inc., Laura Geller Beauty, LLC, Laura Geller Brands, LLC, and Laura Geller Holdings, LLC, the lenders from time to time party thereto and SunTrust Bank as administrative agent and as collateral agent (the "DIP Agent"), substantially in the form presented to the Board, with such changes therein and additions thereto as the Authorized Person(s) executing the same shall approve, the execution thereof by an Authorized Person to be deemed conclusive evidence of such approval, whereby the lenders party thereto agree to extend loans to the Companies, and (ii) the other Loan Documents (as hereinafter defined), including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby and all actions taken by the Authorized Person(s) in connection therewith be, and hereby are, authorized, approved and ratified in all respects with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Person executing the same, the execution thereof by such Authorized Person to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness; and be it further

**RESOLVED**, that the execution and delivery of the DIP Credit Agreement and the other Loan Documents, and the performance by the Company of its obligations thereunder, including the granting, ratification or reaffirmation of any security interest, mortgage or lien, or the provision of any guarantee, as applicable, in each case, as contemplated by or in connection with the DIP Credit Agreement and the other Loan Documents, hereby are expressly authorized, adopted, confirmed, ratified and approved, and such approval is intended to and shall constitute all authorization and approval required by the Board; and it is further

**RESOLVED**, that each of the Authorized Persons be and they hereby are authorized to execute, deliver and perform, or cause to be executed, delivered and performed, as applicable from time to time, in the name of and on behalf of the Company, the DIP Credit Agreement and various other documents, agreements, instruments, questionnaires, papers or writings, as such Authorized Person determines are necessary, convenient, advisable, appropriate or desirable to effect execution, delivery and performance of the DIP Credit Agreement and the transactions contemplated thereunder as intended by these resolutions, including but not limited to, any UCC financing statements and other instruments, stock powers, bond powers, unit powers, powers of attorney, side letters, notary letters, allonges, waivers, documents, certificates, consents, assignments, notices, affidavits, certificates of officers (including secretary's certificates) and other certificates, control agreements, intellectual property grants, guarantees, pledge agreements and other pledge documents, security agreements and other security documents, ratification agreements and agreements contemplated thereby or executed and delivered in connection therewith (collectively, the "Loan Documents"), in each case, with such changes, additions, modifications, and terms as the Authorized Person(s) executing the Loan Documents shall approve, with such Authorized Person's execution thereof to be deemed conclusive evidence of such approval, and in each case and in connection therewith, with all amendments, amendments and restatements, supplements, renewals, extensions, modifications,

substitutions and replacements thereof and each other agreement now existing or hereafter created providing collateral security for payment or performance of the obligations thereunder; and it is further

**RESOLVED**, that each of the Authorized Persons are hereby authorized, directed and empowered, for and on behalf of and in the name of the Company to assign, hypothecate, set over, grant security interests in or grant a continuing security interest in, mortgage or pledge any or all of the assets and properties of the Company, real, personal or mixed, tangible or intangible, now owned or hereafter acquired, and all proceeds of the foregoing, to the DIP Agent as security for the obligations under the DIP Credit Agreement and the other Loan Documents; and it is further

**RESOLVED**, that to the extent that the approval of the Company in its capacity as a stockholder, shareholder, equity holder, managing member, sole member, general partner, limited partner or member of any person is required for the Company or any such other person to execute, deliver and perform any of its obligations (including the grant of a lien on its assets) under the DIP Credit Agreement or the other Loan Documents, the Company hereby consents thereto; and it is further

**RESOLVED**, that the Board, having reviewed the Stalking Horse Agreement, whereby the Sellers agree to sell substantially all of their assets under Section 363 of the Bankruptcy Code for a cash payment of $16.218 million and the assumption of certain liabilities (the "Sale"), subject to the terms and conditions set forth therein, hereby determine that the Sale and the other transactions contemplated by the Stalking Horse Agreement are advisable and in the best interests of the Company and its shareholders and other stakeholders; and it is further

**RESOLVED**, that the form, terms and provisions of (i) the Stalking Horse Agreement, substantially in the form presented to the Board, with such changes therein and additions thereto as the Authorized Persons executing the same shall approve, the execution thereof by an Authorized Person to be deemed conclusive evidence of such approval, and (ii) the other sale documents including, without limitation, any exhibits, appendices and schedules thereto, all transactions contemplated thereby and all actions taken by the Authorized Person in connection therewith be, and hereby are, authorized, approved and ratified in all respects with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by an Authorized Person executing the same, the execution thereof by such Authorized Person to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness; and be it further

**RESOLVED**, that the execution and delivery of the Stalking Horse Agreement and the other sale documents, and the performance by the Company of its obligations thereunder, hereby are expressly authorized, adopted, confirmed, ratified and approved, and such approval is intended to and shall constitute all authorization and approval required by the Board; and it is further

**RESOLVED**, that each of the Authorized Persons is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and

to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Person(s) to be deemed conclusive evidence of the approval by the Company of the terms, provisions and conditions thereof; and it is further

**RESOLVED**, that any and all past actions heretofore lawfully taken by any officers, directors, members or any authorized persons acting under similar authority, as the case may be, of the Company in the name and on behalf of the Company in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

**RESOLVED**, that each of the Authorized Persons is hereby authorized, empowered and directed to certify that the foregoing resolutions of the Board were duly consented to and adopted as of the date hereof, and that each of the Authorized Persons are hereby authorized and directed to insert, or cause to be inserted, these Resolutions, or a copy thereof, in the minutes of proceedings of the Board.

*   *   *   *   *

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------x
In re:                                                    :    Chapter 11
                                                          :
Glansaol Holdings Inc., et al.,[1]                        :    Case No. 18-_____ (      )
                                                          :
                            Debtor.                       :    (Joint Administration Pending)
---------------------------------------------------------x

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

Set forth below is the list of creditors that hold, based upon information presently available and belief, the thirty largest unsecured claims (the "**Top 30 List**") against Glansaol Holdings Inc. and its affiliated debtors and debtors in possession (collectively, the "**Debtors**"). This list has been prepared based upon the books and records of the Debtors. The Top 30 List was prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in the Debtors' chapter 11 cases. The Top 30 List does not include: (1) persons who come within the definition of an "insider" as set forth in 11 U.S.C. § 101(31); or (2) secured creditors, including those creditors with a right to setoff under applicable law, unless the value of the collateral (or amount entitled to be offset) is such that the unsecured deficiency places the creditor among the holders of the thirty (30) largest unsecured claims. The information presented in the Top 30 List shall not constitute an admission by, nor is it binding on, the Debtors. The information presented herein, including, without limitation: (a) the failure of the Debtors to list any claim as contingent, unliquidated, disputed or subject to a setoff; or (b) the listing of any claim as unsecured, does not constitute an admission by the Debtors that the secured lenders listed hold any deficiency claims, nor does it constitute a waiver of the Debtors' rights to contest the validity, priority, nature, characterization, and/or amount of any claim.

[List appears on next page]

---

[1] The Debtors in these chapter 11 cases and the last four digits of each Debtor's federal taxpayer identification number are as follows: Clark's Botanicals, Inc. (0754); Glansaol Holdings Inc. (9485); Glansaol LLC (2012); Glansaol Management LLC (6879); Julep Beauty, Inc. (7984); Laura Geller Beauty, LLC (1706); Laura Geller Brands, LLC (7428); and Laura Geller Holdings, LLC (7388). The Debtors' executive headquarters are located at 575 Lexington Avenue, New York, NY 10022.

| Debtor name | Glansaol Holdings, Inc., et. al. |
|---|---|
| UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK | |
| Case No. (If known) | |

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | B Kolormakeup & Skincare Srl<br>Via Canonica, 79/A<br>Treviglio, BG 24047<br>Italy | B Kolormakeup & Skincare Srl<br>Attn: General Counsel<br>Tel: +39 0363-590011<br>Fax: +390363590212<br>Email: info@bkolormakeup.com | Trade Debt | | | | $575,648.21 |
| 2 | Chromavis Spa<br>Via Martiri Delle Foibe, 77<br>Vaiano Cremasco, CR 26010<br>Italy | Chromavis Spa<br>Attn: General Counsel<br>Tel: 39 0373 279 311<br>Fax: 39 0373 279 342<br>Email: info@chromavis.com | Trade Debt | | | | $545,419.29 |
| 3 | Advanced Distribution Systems<br>275 Oak Tree Rd<br>Palisades, NY 10964 | Advanced Distribution Systems<br>Attn: General Counsel<br>Tel: 201-767-7350<br>Fax: 201-767-4011 | Trade Debt | | | | $392,929.93 |
| 4 | Mana Products Inc<br>Elm Global Logistics<br>50 Emjay Blvd<br>Brentwood, NY 11717 | Mana Products Inc<br>Attn: General Counsel<br>Tel: 718-361-2550<br>Fax: 718-786-3204 | Trade Debt | | | | $348,497.05 |
| 5 | MYC Packaging Innovation CO., Ltd.<br>Room C, 12th Floor, Information Mansion<br>No 66 Huanfu Road<br>Loufeng Town, Suzhou<br>Jiangsu, China | MYC Packaging Innovation CO., Ltd.<br>Attn: General Counsel<br>Tel: 517-410-0928<br>Email: cherry@myc-innovation.com | Trade Debt | | | | $336,225.00 |

**Debtor name** Glansaol Holdings, Inc., et. al.      Case No. (If known) _____

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 6  Gotha Cosmetics USA, Inc.<br>560 Broadway, Suite 304<br>New York, NY 11012 | Gotha Cosmetics USA, Inc.<br>Attn: Francesca Petronzi<br>Email: francesca.petronzi@gothacosmetics.com | Trade Debt | | | | $303,213.78 |
| 7  Compax<br>431 Neil Armstrong Rd<br>Salt Lake City, UT 84116-2890 | Compax<br>Attn: J. Mansur<br>Tel: 949-7166776<br>Email: jmansur@compaxpackaging.com | Trade Debt | | | | $300,979.60 |
| 8  HM Revenue and Customs<br>VAT Central Unit BX5 5AT<br>United Kingdom | HM Revenue and Customs | Tax Liability | | | | $300,000.00 |
| 9  Integrated Packaging<br>45 Carey Avenue<br>Butler, NJ 07405 | Integrated Packaging<br>Tel: 973-839-0500<br>Fax: 973-839-2990<br>Email: stephanie@integratedpackaging.net | Trade Debt | | | | $297,942.26 |
| 10  QVC, Inc<br>1200 Wilson Drive<br>Mail Code 151<br>West Chester, PA 19380 | QVC, Inc<br>Attn: Lindsay Eidson<br>Tel: 888-345-5788<br>Email: lindsay.b.eidson@qvc.com | Royalties | | | | $284,747.35 |
| 11  Cosmax USA, Inc.<br>30701 Carter Street<br>Solon, OH 44139 | Cosmax USA, Inc.<br>Attn: Raleigh Pierson<br>Tel: 440-600-5710<br>Email: Raleigh.Pierson@cosmaxusa.com | Trade Debt | | | | $272,267.84 |

**Debtor name**  Glansaol Holdings, Inc., et. al.    Case No. (If known)

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12  Dorsey & Whitney LLP<br>P.O. Box 1680<br>Minneapolis, MN 55480 | Dorsey & Whitney LLP<br>Attn: General Counsel<br>Email: chin.pearl@dorsey.com | Legal Fees | | | | $261,275.86 |
| 13  Arkay Packaging Corp.<br>100 Marcus Blvd, Suite 2<br>Hauppauge, NY 11788 | Arkay Packaging Corp.<br>Attn: Tom Brown<br>Tel: 631-297-3347<br>Email: tom.brown@arkay.com | Trade Debt | | | | $259,308.72 |
| 14  Intercos America Inc<br>Intercos Us West Nyack Facility<br>11 Centerock Road<br>West Nyack, NY 10994 | Intercos America Inc<br>Attn: General Counsel<br>Tel: 212-319-0700 | Trade Debt | | | | $258,223.21 |
| 15  Facebook. Inc.<br>15161 Collections Center Drive<br>Chicago, IL 60693 | Facebook. Inc.<br>Attn: General Counsel<br>Tel: 650-543-4800<br>Fax: 650-543-5325<br>Email: AR@fb.com | Marketing | | | | $255,613.21 |
| 16  Wormser Corporation<br>150 Coolidge Avenue<br>Englewood, NJ 07631 | Wormser Corporation<br>Tel: 201-627-1000<br>Fax: 201-627-1001<br>Email: grace@wormsercorp.com | Trade Debt | | | | $243,272.56 |
| 17  Schwan Cosmetics Germany GmbH & Co. Kg<br>Schwanweg 1<br>Heraldberg, BV 90562<br>Germany | Schwan Cosmetics Germany GmbH & Co. Kg<br>Attn: Yvonne Alt<br>Email: Yvonne.Alt@schwancosmetics.com | Trade Debt | | | | $240,837.81 |

**Debtor name**  Glansaol Holdings, Inc., et. al.  Case No. (If known)

## (Continuation Sheet)

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim — Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|
| 18  World Wide Packaging Inc<br>No.333 Sec.2 Fanhua Rd.<br>Fu Shi, Changhua 50660<br>Taiwan | World Wide Packaging Inc<br>Attn: M. Robbins<br>Tel: 973-805-6500<br>Fax: 973-805-6510<br>Email: mrobbins@wwpinc.com | Trade Debt | | | | $219,379.96 |
| 19  Ulta, Inc.<br>1000 Remington Boulevard, Suite 120<br>Bolingbrook, IL 60440 | Ulta, Inc.<br>Attn: C. Gardner<br>Tel: 630-410-5074<br>Email: CGardner@ulta.com | Customer Programs | | | | $211,867.56 |
| 20  Regi S.r.l.<br>Via Enrico Mattei. 6-10-14<br>Crema<br>Bagnolo Cremasco, CR 26010<br>Italy | Regi S.r.l.<br>Attn: C. Gottardi<br>Tel: +39 0373 31861<br>Fax: +39 0373 31886<br>Email: c.gottardi@regi.it | Trade Debt | | | | $173,510.80 |
| 21  Intercos S.P.A.<br>Via Marconi 84<br>Agrate Brianza, MB<br>Italy | Intercos S.P.A.<br>Attn: General Counsel<br>Tel: +39 (0) 3965521<br>Email: info@intercos.it | Trade Debt | | | | $166,083.36 |
| 22  Colorado Quality Products<br>4003 S. Clay Street<br>Englewood, CO 80110 | Colorado Quality Products<br>Attn: General Counsel<br>Tel: 303-708-0536<br>Email: info@coloradoqualityproducts.com | Trade Debt | | | | $157,717.24 |
| 23  Hwa Sung Cosmetics<br>161-5 Dadand-Dong<br>Wonmi-Ku Buchen-Si<br>Kyungki-Do, 420-130<br>Korea | Hwa Sung Cosmetics<br>Email: soo@hwasungcos.com | Trade Debt | | | | $157,575.00 |

| Debtor name | Glansaol Holdings, Inc., et. al. | | Case No. (If known) | |

**(Continuation Sheet)**

| Name of creditor and complete mailing address, including zip code. | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total Claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24  Baralan USA, Inc.<br>120-19 89Th Ave.<br>Richmond Hill, NY 11418 | Baralan USA, Inc.<br>Attn: Luisa Kamelhar<br>Tel: 718-849-1600 ext 327<br>Email: luisa.kamelhar@baralanusa.com | Trade Debt | | | | $144,758.97 |
| 25  PKG Group, LLC<br>400 Apgar Dr, Unit L<br>Somerset, NJ 08873 | PKG Group, LLC<br>Attn: General Counsel<br>Tel: 310-205-9038<br>Fax: 310-205-9147 | Trade Debt | | | | $140,843.71 |
| 26  Sunrise Technologies<br>525 Vine Street, Suite 210<br>Winston-Salem, NC 27101 | Sunrise Technologies<br>Attn: General Counsel<br>Tel: 336-722-6741<br>Email: info@sunrise.co | Professional Fees | | | | $135,287.27 |
| 27  PricewaterhouseCoopers LLP<br>4040 W Boy Scout Boulevard<br>Tampa, FL 33607 | PricewaterhouseCoopers LLP<br>Attn: General Counsel<br>Tel: 813-348-7000 | Professional Fees | | | | $122,387.00 |
| 28  HCT Packaging, Inc.<br>721 Route 202/206 Suite 300<br>Bridgewater, NJ 08846 | HCT Packaging, Inc.<br>Attn: General Counsel<br>Tel: 212-586-0303<br>Email: edepays@hctusa.com | Trade Debt | | | | $113,714.00 |
| 29  American Express<br>P.O. Box 981535<br>El Paso, TX 79998-1535 | American Express<br>Tel: 800-528-5200<br>Fax: 800-695-9090 | Credit Card Provider | | | | $113,508.61 |
| 30  Crystal Claire Cosmetics Inc<br>165 Milner Avenue<br>Scarborough, ON M1S 4G7<br>Canada | Crystal Claire Cosmetics Inc<br>Tel: 416-421-1882<br>Email: rhondab@crystalclaire.com | Trade Debt | | | | $109,602.84 |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                              :    Chapter 11
                                                    :
Glansaol Holdings Inc.,                             :    Case No. 18-_____ (      )
                                                    :
                          Debtor.                   :    (Joint Administration Pending)
------------------------------------------------------x

### LIST OF EQUITY HOLDERS AND CORPORATE OWNERSHIP STATEMENT OF GLANSAOL HOLDINGS INC. PURSUANT TO BANKRUPTCY RULES 1007(a)(3) AND 7007.1

Glansaol Holdings Inc. is a wholly-owned subsidiary of Glansaol LLC.

As of the Petition Date, the following corporate entities own ten percent (10%) or more of Glansaol LLC's equity interests:

| Shareholder | Percentage of Total Shares |
|---|---|
| Warburg Pincus Private Equity XII Funds<br>450 Lexington Avenue<br>New York, NY 10017 | 96.5% of Class A Units |
| Alan Ennis<br>575 Lexington Avenue<br>New York, NY 10022 | 51% of Class B-1 Units |
| Martine Williamson<br>575 Lexington Avenue<br>New York, NY 10022 | 21.4% of Class B-1 Units |
| Nancy Bernardini<br>575 Lexington Avenue<br>New York, NY 10022 | 100% of Class C-1 Units |

**Fill in this information to identify the case and this filing:**

Debtor Name  Glansaol Holdings Inc.

United States Bankruptcy Court for the: Southern         District of New York
(State)

Case number (*If known*):  18-

# Official Form 202

### Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**Declaration and signature**

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐ *Schedule H: Codebtors* (Official Form 206H)

☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐ Amended *Schedule* _____

☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☑ Other document that requires a declaration: <u>List of Equity Holders and Corporate Ownership Statement Pursuant to Bankruptcy Rules 1007(a)(3) and 7007.1</u>

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/19/2018          /s/ Nancy Bernardini
MM / DD / YYYY             Signature of individual signing on behalf of debtor
                  Nancy Bernardini
                  Printed name
                  Authorized Signatory
                  Position or relationship to debtor